IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**ISSAC BOXLEY,** Individually,
and on behalf of himself and others
similarly situated,

Plaintiff,

vs.                                              Case No. _____

**FURNITURE WORLD DISCOUNT**        FLSA Multi-Plaintiff Action
**WAREHOUSE, INC.**                          RULE 23 Class action
                                                           **JURY DEMANDED**
Defendant.

---

### ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

---

Issac Boxley ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former hourly-paid warehouse employees, brings this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") multi-plaintiff action against Furniture World Discount Warehouse, Inc. ("Defendant"), and alleges as follows:

#### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated hourly-paid warehouse employees who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

2. This lawsuit also is brought against Defendant as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in

1

       the alternative, unjust enrichment/quantum meruit compensation, for wages owed to Plaintiff and other similarly situated current and former hourly-paid warehouse employees who are members of a Rule 23 class as defined herein, and who are currently or previously employed by Defendant.

3. In addition, this lawsuit is brought against Defendant for unlawfully terminating Plaintiff's employment in retaliation for exercising his protected rights under 29 U.S.C. § 215(a)(3).

## II.    JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and are brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

5. Jurisdiction over Plaintiff's unlawful termination claims are based on 29 U.S.C. § 215(a)(3) and 28 U.S.C. § 1331, and are brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

6. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendant in this district during all time material to this action. Also, Defendant is headquartered in this district and has conducted and continues to conduct business in this district during all times material.

### III. PARTIES

8.  Plaintiff Issac Boxley is an adult citizen of the United States and was employed as an hourly-paid warehouse employee by Defendant in this district during all times relevant to this action. Plaintiff Boxley's "Consent to Join" is attached as *Exhibit A*.

9.  Defendant is a Tennessee corporation with its principal offices and headquarters located at 272 Commerce Center Circle, Jackson, Tennessee 38301. Defendant's registered agent for service of process is Daniel Gates, 272 Commerce Center Circle, Jackson, Tennessee 38301.

### IV. FLSA COVERAGE

10. Defendant is and/or has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

11. During Plaintiff's employment with Defendant, it earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment with Defendant, it employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

13. In addition, Plaintiff and those similarly situated also engaged in interstate commerce on behalf of Defendant during all times material this action.

14. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### V. FACTUAL ALLEGATIONS

15. Defendant has owned and operated a discount furniture store in Jackson, Tennessee during all times material to this lawsuit.

16. Defendant had a time-keeping system for the purpose of recording the compensable work time of Plaintiff and those similarly situated.

17. Plaintiff and those similarly situated routinely worked for Defendant more than 40 hours per week within weekly pay periods during all times material to this action, without being paid their full overtime compensation for such overtime at the applicable FLSA overtime compensation rates of pay.

18. Defendant has had a common plan and practice of "rounding down" the overtime hours of Plaintiff and those similarly situated to the next lowest hour of their overtime worked, without compensating them for all their compensable overtime at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all time relevant to this action.

19. Defendant also has had a common practice of failing to pay Plaintiff and those similarly situated overtime compensation for work performed on Saturdays of each weekly pay period during all times material to this action.

20. More specifically, Defendant paid Plaintiff and those similarly situated less than their regular hourly rate of pay for such Saturday work and then only by cash payment, without recording their Saturday overtime hours into its time keeping system.

21. In addition, Defendant previously had offered Plaintiff and those similarly situated a specific hourly rate of pay for all work they performed within weekly pay periods during all times material to this action.

22. Plaintiff and those similarly situated accepted Defendant's offer by performing such work for Defendant as assigned and directed.

23. However, Plaintiff and those similarly situated were paid less than the agreed-upon hourly rate of pay for each Saturday they worked within weekly pay periods during all times material to this Complaint.

24. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiff and those similarly situated for all their overtime at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

25. Defendant also knew, and was aware at all relevant times, it was not compensating Plaintiff and those similarly situated for all their contracted wages within weekly pay periods during all times material to this action.

26. Defendant willfully and, with reckless disregard to established FLSA requirements, failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

27. Defendant does not have a good faith basis for its violations of the FLSA.

28. As a result of Defendant's willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

29. The net effect of Defendant's common plan and practice of failing to compensate Plaintiff and similarly situated warehouse employees for all their compensable overtime and contractual wages was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

### VI.    FLSA MULTI-PLAINTIFF ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

31. Plaintiff seeks to send notice to the following similarly situated current and former employees of Defendant:

    All individuals who were employed by Defendant as hourly-paid warehouse employees and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Complaint, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who choose to join this action pursuant to 29 U.S.C. § 216(b).(Collectively, "potential plaintiffs").

32. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

33. While the exact number of potential plaintiffs is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than 60 potential plaintiffs to this action.

34. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

35. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's common policy and practice of failing to pay them all their compensable hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

36. Plaintiff and potential plaintiffs to this action also are similarly situated in that their unpaid wage claims are unified through common theories of Defendant's FLSA violations.

37. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as his interests are aligned with the interest of such potential plaintiffs.

38. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

39. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

40. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

41. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendant.

## VII.     RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

42. Defendant employed Plaintiff and members of the Rule 23 class during all relevant periods of time herein.

43. Plaintiff brings this Fed. R. Civ P. 23(b)(3) class action against Defendant on behalf of all similarly situated individuals, as follows:

    All hourly-paid warehouse employees who were employed by and performed work for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint and who were not paid all wages and compensation owed them by the Defendant. (the "Rule 23 Class").

44. Defendant promised Plaintiff and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

45. Plaintiff and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendant.

46. However, Defendant failed to pay Plaintiff and other Rule 23 class members the promised wages for all the work performed by them within weekly pay periods during all times material.

47. Plaintiff brings this case as a Fed. R. Civ. P. 23 class action on behalf of himself, individually, and on behalf of other potential class members to recover the above referenced unpaid contractual wages owed to them.

48. The precise number of Rule 23 class members is not known as of this time but believed to be more than 60. The exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

49. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members.  These common questions of law or fact are:

    (a) Whether a unilateral contract existed between Defendant and Plaintiff and the putative Rule 23 class for the payment of wages.

    (b) Whether Plaintiff and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendant under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

    (c) Whether Defendant paid Plaintiff and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period herein.

    (d) Whether the Defendant unlawfully breached its unilateral wage agreements with

        Plaintiff and members of the Rule 23 class;

  (e)    The nature and extent of the Rule 23 class -wide injury and the appropriate measure of damages for the putative Rule 23 class;

50. Pursuant to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

51. Their claims arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

52. The individuals in the Rule 23 class are so numerous that joinder of all members is impracticable.

53. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action the names and addresses of them are readily available from Defendant.

54. Plaintiff is an adequate class representative.

55. Plaintiff was an hourly-paid warehouse employee of Defendant who, like other members of the Rule 23 class, was not paid promised wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

56. Plaintiff's unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

57. All the Rule 23 class members are/were subject to the same unlawful practices of Defendant in its failure to pay all contractually agreed-upon wages.

58. A class action is superior to other available methods for the fair and efficient adjudication

of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against such a corporate Defendant.

59. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce.

60. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

61. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

62. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's unlawful practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

63. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

64. Plaintiff knows of no conflict of interest he has with this class of employees who worked

for Defendant.

65. Plaintiff has hired the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue his claims and the claims of the Rule 23 class for unpaid contractual wages. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

66. The firm has represented numerous other employees asserting unpaid contractual wage claims.

67. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

68. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans and practices implemented by Defendant unless resolved by this action.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

69. Plaintiff, on behalf of himself and potential plaintiffs to this action, repeats and re-alleges the previous paragraphs as if fully written herein.

70. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

71. Plaintiff and the potential plaintiffs are similarly situated because they have been deprived

11

of the applicable FLSA overtime compensation owed them as a result of Defendant's pay plans and practices, as previously described.

72. Defendant's failure to pay Plaintiff and potential plaintiffs to this action for all hours worked in excess of 40 hour per week within weekly pay periods at the applicable FLSA overtime compensation rates of pay has violated the FLSA, as previously described.

73. During the relevant time period herein, Defendant's common plan and practice of willfully failing to pay Plaintiff and members of the FLSA Class at the applicable FLSA overtime compensation rates of pay has resulted in Plaintiff and potential plaintiff claims being unified through common theories of Defendant's FLSA violations.

74. Defendant has had actual knowledge of willfully refusing to pay Plaintiff and potential plaintiffs for all the applicable FLSA overtime compensation to which they are entitled, during all times material to this action

75. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

76. Defendant's violations were without a good faith basis.

77. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant for unpaid overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATION

78. Plaintiff, on behalf of himself and other members of the Rule 23 Class, repeats and re-alleges the previous paragraphs as if fully written herein.

79. Plaintiff asserts Rule 23 class breach of contract claims because Defendant entered in to

valid and enforceable unilateral wage contracts with Plaintiff and the class pursuant to Tennessee law.

80. Defendant offered to compensate Plaintiff and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on its behalf.

81. Plaintiff and other members of this Rule 23 class accepted Defendant's offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

82. However, Defendant breached its obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

83. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that he and each member of the proposed Rule 23 class provided valuable services to Defendant, that Defendant accepted their services, and Defendant had reasonable notice that he and class members expected to be compensated for their work time on its behalf.

84. The reasonable value of the services provided and not paid for by Defendant are consistent with the additional hourly rate of pay promised Plaintiff and members of the Rule 23 class because Defendant benefitted to such degree or more from the work they performed.

85. Plaintiff and members of the Rule 23 class complained to Defendant because of its failure to pay them for all their work at the agreed-upon contractual wages, but to no avail.

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF FLSA

86. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

87. Plaintiff was unlawfully discharged from his employment with Defendant in retaliation for complaining about Defendant's failure to pay him and potential plaintiffs full overtime compensation for the overtime hours they had earned within weekly pay periods during all times material.

88. More specifically, within a few weeks before his termination of employment with Defendant, Plaintiff complained to Defendant several times that he and other similarly situated employees had not received all their earned overtime compensation.

89. In response Defendant threatened to terminate Plaintiff's employment it he continued to complain about unpaid overtime compensation.

90. Plaintiff continued to complain about the unpaid overtime and shortly thereafter Plaintiff was terminated from his employment with Defendant.

91. Complaining to Defendant about not receiving such overtime compensation was a protected activity under 29 U.S.C. § 215(a)(3).

92. Defendant violated 29 U.S.C. § 215(a)(3) by terminating his employment in retaliation for his engaging in such activity.

93. Defendant had no basis to terminate Plaintiff's employment other than for exercising his protected rights under 29 U.S.C. § 215(a)(3).

94. Therefore, Plaintiff's termination was causally connected to his protected activity in that he was discharged from his employment almost immediately after complaining about not receiving overtime compensation on behalf of himself and potential plaintiffs to this action.

95. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions.

96. As a result of his unlawful termination, Plaintiff has suffered monetary damages (lost

wages both past and future), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of himself and potential plaintiffs to this FLSA multi-plaintiff action, and on behalf of himself and Rule 23 class members, as well as on his own behalf under 29 U.S.C. § 215(a)(3), requests this Court to grant the following relief against said Defendant:

A. Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting such potential members to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime to Plaintiff and potential plaintiffs who join this action;

C. On Count I, an award of liquidated damages to Plaintiff and potential plaintiffs who join this action; or in the alternative, an award of prejudgment interest;

D. On Count I, an award of post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiff who join this action;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. On Count II, an award of all contractual wages to Plaintiff and other Rule 23 class members or in the alternative, an award of compensation for unjust enrichment and/or quantum meruit to such claimants;

H. On Count III, a ruling that Plaintiff was unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

I. On Count III, an award of legal and equitable damages to Plaintiff for being unlawfully termination from his employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.

J. On Count III, an award of liquidated damages to Plaintiff for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

K. On Count III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff; and

L. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated:  August 4th 2023.                    Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BPR #12123)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*